Church, J.,
dissenting. — I agree that the plaintiff is entitled to interest upon such installments of interest as fell due at and before the final maturity of the contract, and upon the principal from maturity, all at the rate provided for by the contract, which in the *479 ■first instance was twelve per cent. To this extent I concur with the other members of the court.
"When the contract matured the whole became due and no further annual rests should be allowed. This, I think, is the better rule, and is amply sustained by authority.
The plaintiff, however, in his complaint alleged, that on “ March 6, 1881, it was mutually agreed that the principal sum in said note should from said date for one year bear interest at the rate of ten per cent, per annum, instead of twelve per cent;” also that the principal “ became due May (March) 6, 1882.”
The court found this agreement as a fact, ££ and that defendants should have the use of it (the principal) one year from said 6th of March, 1881, at said rate of interest.”
The evidence on this point, as derived from the plaintiff, shows that on February 1, 1881, (having previously been written to by defendants to. know what would be the lowest rate he would take if they continued the loan), he wrote the defendants as follows: “ I wish you to answer this at once and say what interest you * * <£ are willing to allow me another year after March 6, and longer, ££ if you want. I do not care for the money. I will reduce the ££ interest some from what it has been for the last two years.”
And again, March 2, 1881, acknowledging receipt of defendants5 letter of February 28: ££ I accept your offer on the note * * * ££ and have made a minute of it on note, as suggested, at ten per l< cent, after March 6, 1881.”
I do not find the letter of February 28, in the record. The minute which plaintiff made on the note was in these words: ££ Interest 10 per cent, after May (March) 6, 1881, for one year.” It will be noticed that at the time this agreement was made, defendants were already in default upon the interest accrued.
Clearly this must be regarded as an extension of the note for one year, and I think effect must be given to it as such. No con *480 dition is in terms annexed to it, nor is any alleged. Its operation is to postpone the maturity of the note one year, and thus to give the plaintiff interest on an additional installment of interest. ' It was a waiver of the rights ’ of both parties to avail themselves of the forfeiture clause in the note.
On the other hand, however, this agreement also operated to reduce the rate of interest on the'whole amount due, principal and interest, to ten per cent, from its date, March 6, 1881.
I think the judgment should be modified in accordance with hese views.